UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THIAKIA TIDWELL,

    Plaintiff,

v.                                    No. 1:24-cv-01118

TENNESSEE DEPARTMENT OF
CORRECTIONS, CORE CIVIC,
HARDEMAN COUNTY CORRECTIONAL
FACILITIES COOPEERATION and
JERRY WARDLOW,

    Defendant.

## AMENDED COMPLAINT

## COMPLAINT

Plaintiff, Thiakia Tidwell (Plaintiff) submits this Complaint under the 42 U.S.C. § 1983, *et seq.* and pendant state law claims against Tennessee Department of Corrections, and Jerry Wardlow for damages relating to and resulting from the wrongful death of Plaintiff's son Roddarous Marcus Bond. In support thereof, the plaintiff alleges the following:

## PARTIES

1. Plaintiff, Thiakia Tidwell, is a resident of Davidson County, Tennessee, and is the mother of the deceased, Roddarous Marcus Bond who was housed in Hardeman County, TN.

2. Defendant, Tennessee Department of Corrections is s governmental agency within the Tennessee state government responsible for the oversight of more than 20,000 convicted offenders in Tennessee's fourteen prisons, three of which are privately managed by CoreCivic. Tennessee Department of Corrections contracts with CoreCivic. The principal place of business is Davidson County, TN.

3. Defendant, CoreCivic, is a private prison operator that manages Hardeman County Correctional

Facility under a contract with the Hardeman County Correctional Facilities Corporation whose principal place of business is in Davidson County, Tennessee.

4. Hardeman County Correctional Facilities Cooperation is the owner of Hardeman County Correctional Facility who contracts with CoreCivic and their principal place of business is in Hardeman County, TN.

5. Jerry Wardlow, the former warden for Hardeman County Correctional Facility that is owned by Hardeman County Correctional Facilities Cooperation and at all times relevant to this Complaint, was engaged in his official capacity as warden.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter because the Civil Rights Violations under 42 U.S.C. §1983 occurred at Hardeman County Correctional Facility, which is managed by Corecivic and contracted with Tennessee Department of Corrections.

## FACTUAL ALLEGATIONS

7. Roddarous was transferred to Hardeman County Correctional Facility, which is operated by CoreCivic, a private prison contractor. From the moment he arrived, he began describing to the Plaintiff the poor living conditions and dangerous environment within the facility.

8. The deceased told the Plaintiff about multiple issues at Hardeman County, including broken cells that inmates could get in and out of, poor sanitation, and lack of access to basic necessities.

9. The facility was severely understaffed, which meant that officers were often unable to maintain control or respond to emergencies adequately.

10. The deceased reported seeing officers and administration members bringing drugs into the facility. He reported to Plaintiff that Officer Black was involved in acts of extortion, forcing inmates to engage in illegal activities and targeting them for financial gain.

11. There were frequent lockdowns, and the administration did not follow proper procedures for these

lockdowns, creating chaos and an unstable environment.

12. The Plaintiff was able to visit her son twice after he was transferred to Hardeman County. During these visits, Plaintiff observed firsthand some of the issues the deceased described to her, including the tension and lack of structure within the facility

13. Shortly after Plaintiff's initial visits, the facility abruptly went into lockdown. Following this, the facility required Plaintiff to reapply to see her son, even though this was not in line with standard visitation policies.

14. Defendants repeatedly changed visitation protocols, causing emotional stress for Plaintiff's son and limiting his access to family support. This was another instance of Defendant, Tennessee Department of Correction, failing to follow its own policies.

15. Plaintiff's son filed multiple grievances regarding the poor living conditions, the lack of safety, and the failure of the facility to provide him access to programs for rehabilitation. He also expressed that he felt unsafe in the facility due to the neglect and dangerous environment created by the lack of staff and broken cell doors.

16. Despite trying his best to enter rehabilitation programs to improve himself, Plaintiff's son was repeatedly blocked or faced administrative roadblocks. The Defendants refusal to provide him access to meaningful rehabilitation programs prevented him from pursuing a path to reform.

17. Due to chronic understaffing, the Defendant's facility was unable to perform proper 30-minute checks on the rehabilitation pod, where Plaintiff's son was housed. This lapse in protocol left inmates without adequate supervision or protection, further compromising their safety.

18. Plaintiff's son's cellmates reportedly called for help, yelling that Plaintiff's son was overdosing. However, due to the lack of staff and failure to perform the mandatory 30-minute checks, no one arrived to assist him in time. This tragic event was a direct consequence of the Defendant's facility's negligence and failure to uphold safety protocols.

19. There were three separate investigations conducted regarding the issues at Hardeman County prior to Plaintiff's son's death:

a. Hardeman County Facility Investigation: No substantial findings were reported, and the living conditions remained unchanged.

b. CoreCivic Investigation: CoreCivic did not address the facility's failure to follow policies or the security concerns, and there were no improvements to the supervision of inmates.

c. Tennessee Department of Corrections (TDOC) Investigation: Despite TDOC's involvement, no significant changes were made to improve conditions or ensure the safety of inmates.

## CAUSE OF ACTION: VIOLATION OF CIVIL RIGHTS ACT 42 U.S.C. §1983 DEPRIVATION OF RIGHTS

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Plaintiff brings this cause of action against Defendants for the benefit of the deceased's surviving next of kin, Rains v. Bend of the River, 124 S.W.3d 580.

23. The Defendants' neglect, including broken cell doors and understaffing, created an unsafe environment for all inmates, including the Plaintiff's son.

24. The Defendants failed to conduct 30- minute checks as required in the rehabilitation pod, which directly contributed to the Plaintiff's son's death.

25. Officers bringing drugs into the facility, including Officer Black's involvement in extortion and coercion, violated Plaintiff's son's rights and placed him at increased risk.

26. Defendants violated their own policies by limiting my access to visit my son, further isolating him from family support and causing additional emotional harm.

27. Despite multiple investigations, the Defendant took no corrective actions to address the repeated complaints about the conditions, the staff behavior, or the safety concerns expressed by inmates.

28. By denying Plaintiff's son access to programs that would have contributed to his rehabilitation, the Defendants failed in their duty to provide a constructive environment for inmates.

29. Defendant's negligent reckless and intentional conduct and inaction was the direct and proximate cause of the death of Roddarous Marcus Bond and a deprivation of his civil rights resulting in damages to the Plaintiff and the deceased's estate, including but not limited to:

a. medical expenses incurred prior to death;

b. Funeral and burial expenses;

c. Loss of earning capacity;

d. Loss of consortium, companionship, and society;

e. Pain and suffering of the deceased prior to death;

f. Mental anguish and emotional distress of the Plaintiff and other surviving family members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages in an amount to be determined by the jury, but not less than $[amount];

2. For punitive damages in an amount to be determined by the jury, to punish Defendant for their reckless conduct and to deter similar conduct in the future; Scutt v. McLean, 1987 Tenn. App., Colquette v. Zaloum, 2004 Tenn. App. For pre-judgment and post-judgment interest as allowed by law;

3. For reasonable attorney's fees and costs of this action;

4. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

s/Corletra Mance_____
Corletra Mance #034036
1300 Division St., Ste 102
Nashville, TN 37203
615.742.5373
corletra@mylawyertennessee.com
Attorney For Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 21, 2025, by electronic and/or ordinary mail.

Nathan Tilly
Haynes T. Russell
Attorneys For Defendants
162 Murray Guard Drive, Ste B.
Jackson, TN 38305

Milton Dale Conder Jr.
Rainey Kizer
209 East Main St
Jackson, TN 38301

Hardeman County Corrections Facilities Cooperation
2520 Union Springs Rd.
Whiteville, TN 38075

On this 21st Day of January 2025.


    S/Corletra Mance

Corletra Mance